United States District Court
Southern District of Texas
**ENTERED**
October 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SALVADOR ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-285 |
| | § | |
| MARTINEZ MIGEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Salvador Zavala is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. For purposes of screening, Plaintiff has stated due process claims against **former McConnell Unit Warden Miguel Martinez and Sergeant Darren Mayer**. The undersigned will order service on these defendants.

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment. Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     PROCEDURAL BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently serving a life sentence entered on July 2, 2007 for a capital murder conviction out of Harris County, Texas.  The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff claims that his due process rights were violated when a hold was placed on his inmate trust account following a disciplinary proceeding.  He further alleges the subsequent forfeiture of $225.00 from his inmate trust account violated his due process rights.  Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) former Warden Martinez; (2) Assistant Warden Corey Furr (3) Sergeant Mayer; and (4) Disciplinary Hearing Officer (DHO) Norma J. Saenz.  Plaintiff seeks declaratory and monetary relief in the amount of $1,500.00 against each defendant. (D.E. 2, p. 9).

**A.     Plaintiff's Allegations**

A *Spears*[1] hearing was conducted on September 18, 2017. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1) and brief (D.E. 2):

In September of 2016, Plaintiff was notified that he was being charged with the prison disciplinary offense of making an unauthorized commodity exchange with offender Anthony Mareno by accepting deposits totaling $225.00 from Mareno's girlfriend, Michele Indian.  Ms. Indian deposited these amounts into Plaintiff's inmate trust account in installments over a three-month period from January, 2016 through March, 2016.  Plaintiff became friendly with Ms. Indian through written correspondence.

Disciplinary Case No. 201700244 was brought against Plaintiff with respect to the monies deposited into his account by Ms. Indian.  Plaintiff was charged under the "Trafficking and Trading" provision of the TDCJ-CID's rules of prison conduct.  In September of 2016, DHO Saenz found Plaintiff guilty of this "trafficking and trading" offense and assessed the following punishment: (1) forty-five days of lost recreational privileges; (2) forty-five days of lost commissary privileges; (3) forty-five days of OTS; (4) reduction in line class from S4 to L1; and (5) thirty days of lost good time credits.

The TDCJ policy in place at the time of the disciplinary proceeding prohibited without exception another offender's friend or family member from depositing monies into an inmate's account.  The new policy, which allegedly became effective in

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

December of 2016, allows for deposits into inmate trust accounts by third parties, such as other inmate's family members or friends, if there is no evidence of trafficking or trading. According to Plaintiff, he was convicted under the old policy.

Following the disciplinary hearing, a hold was placed on Plaintiff's inmate trust account. Sergeant Mayer was the officer who put the place hold (PH) on Plaintiff's account, preventing Plaintiff from having access to his inmate trust account to buy hygiene or other necessary products until the $225.00 was paid back.

Plaintiff filed a Step 1 grievance on December 19, 2016 (Grievance No. 2017059673), in which he complained that a "PH forfeiture for $225.00 was placed [on his account] on [November 1, 2016]" but that he was never given notice or a hearing regarding the forfeiture of funds. (D.E. 2, pp. 12-13). Assistant Warden Furr reviewed this Step 1 grievance, concluding that no evidence had been presented to substantiate Plaintiff's due process claim. (D.E. 2, p. 13). Plaintiff filed a Step 2 grievance and was denied administrative relief. (D.E. 2, pp. 15-16).

Plaintiff filed another Step 1 grievance on March 7, 2017 (Grievance No. 201709024), in which he complained about $225.00 being forfeited from his account sometime in February, 2017. (D.E. 2, pp. 18-19). Assistant Warden Furr reviewed this Step 1 grievance, concluding that the issue had been previously addressed in Grievance No. 2017059673. (D.E. 2, p. 19). Plaintiff filed a Step 2 grievance and again was denied administrative relief. (D.E. 2, pp. 21-22).

Plaintiff reiterated at the *Spears* hearing that $225.00 was forfeited from his account in February of 2017 without notice and a hearing. According to Plaintiff's best

recollection, former Warden Martinez signed off on the forfeiture of these monies from Plaintiff's inmate trust account. The hold on Plaintiff's account was lifted at the time of the forfeiture of the funds.

### B.    Plaintiff's Federal Habeas Case

Plaintiff challenged Disciplinary Case No. 201700244 through a separate federal habeas corpus action. (*See Zavala v. Davis*, Case No. 2:17-CV-122 (S.D. Tex. filed on Mar. 31, 2017). Plaintiff primarily claimed in that case that no evidence was presented at the disciplinary proceeding to show that offender Moreno had authorized Ms. Indian to make the deposits or otherwise controlled any of the monies Ms. Indian had voluntarily deposited into Plaintiff's account based on her friendship with Plaintiff. (*Id.*, D.E. 1). On October 3, 2017, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (October 3, 2017 M&R), recommending Plaintiff's federal habeas action to be denied for failure to show a deprivation of a liberty interest. (*Id.*, D.E. 23). The October 3, 2017 M&R is currently pending before the District Judge.

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each of the individual defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against the individual Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B. Personal Involvement

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). It is further well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins,* 828 F.2d at 303-04. *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).

Plaintiff alleges that: (1) Sergeant Mayer placed a hold on Plaintiff's account following his disciplinary proceeding in September of 2016; and (2) former Warden Martinez signed off on the forfeiture of $225.00 from Plaintiff's inmate trust account. In contrast to his specific allegations against Sergeant Mayer and former Warden Martinez, Plaintiff only alleges that DHO Saenz conducted the disciplinary proceeding where

Plaintiff was convicted of trafficking and trading. Plaintiff alleges no facts to indicate that DHO Saenz participated either in placing a hold on Plaintiff's account or in causing the forfeiture of $225.00. Plaintiff, therefore, has failed to state a claim against Defendant Saenz. *See Thompson,* 709 F.2d at 382.

Plaintiff's allegations against Assistant Warden Furr center on his dissatisfaction with this defendant's decisions to reject Plaintiff's Step 1 grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Defendants Saenz and Furr in their individual capacities be dismissed with prejudice.

C. **Due Process**

It is well-established that an inmate has a property interest in his inmate trust fund account and is entitled to due process concerning the disciplinary measures imposed to deprive him of the funds. *See Rosin v. Thaler*, 417 F. App'x. 432, 434 (5th Cir. 2011)

("A prisoner has a protected property interest in the funds in his prison account.") (citations omitted); *see also Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.–Texarkana 2007) ("A prison inmate has a property interest in his inmate trust account.") (citations omitted). The due process rights of prisoners are not absolute, however, because the legitimate security needs of a corrections institution must be accommodated. *See Bell v. Wolfish*, 441 U.S. 520, 554 (1979). Accordingly, the courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security. *Pell v. Procunier*, 417 U.S. 817, 827 (1974).

      Plaintiff claims that former Warden Martinez and Sergeant Mayer violated his due process rights in that: (1) the forfeiture of $225.00 was not part of his disciplinary punishment; (2) Plaintiff was not given notice and a hearing to address the forfeiture issue or otherwise follow TDCJ policy; and (3) Defendants failed to follow TDCJ policy with respect to placing a hold on Plaintiff's inmate trust account. Plaintiff's allegations indicate that TDCJ policies were not followed when Sergeant Mayer placed a hold on his inmate account for an extended period of time after the disciplinary proceeding had concluded and when former Warden Martinez authorized the forfeiture of $225.00 from Plaintiff's inmate account in February of 2017.

      According to Plaintiff, the hold placed on his account adversely impacted his property interest in his inmate trust account by denying him access to his funds for several months. Further factual development of Plaintiff's due process claims is necessary to inquire into: (1) the relevant TDCJ policies and procedures in effect relating to the placement of holds on accounts and forfeiture of funds; and (2) whether any failure

by Defendants Martinez and Mayer to follow the policies in place unconstitutionally impacted Plaintiff's property interest in his inmate account by way of his temporary loss of access to his inmate trust account and the forfeiture of funds without a notice and hearing. It is, therefore, respectfully recommended that Plaintiff's due process claims against former Warden Martinez and Sergeant Mayer be retained.

## V. CONCLUSION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state due process claims against **former McConnell Unit Warden Miguel Martinez and Sergeant Darren Mayer**. Accordingly, it is respectfully recommended that these claims be **RETAINED**. The undersigned will order service as to these defendants by separate order.

It is further respectfully recommended that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment. Lastly, it is respectfully recommended that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 31st day of October, 2017.

                                                          Jason B. Libby
                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).