Case 2:17-cv-00285 Document 25 Filed on 02/14/18 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
February 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SALVADOR ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-285 |
| | § | |
| MARTINEZ MIGEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY IN PART AND GRANT IN PART
DEFENDANTS' MOTION TO DISMISS**

Plaintiff Salvador Zavala is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that his due process rights were violated in connection with the forfeiture of $225.00 from his inmate trust fund account following a disciplinary conviction. Pending before the Court is the Motion to Dismiss filed by Defendants Miguel Martinez and Darren Mayer. (D.E. 23). For the reasons stated herein, it is respectfully recommended that the Court deny in part and grant in part Defendants' motion.

**I. JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently serving a life sentence entered on July 2, 2007 for a capital murder conviction out of Harris County, Texas. The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff claims that his due process rights were violated when a hold was placed on his inmate trust account following a disciplinary conviction and he subsequently forfeited $225.00 from his inmate trust account. Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) former Warden Martinez; (2) Assistant Warden Corey Furr; (3) Sergeant Mayer; and (4) Disciplinary Hearing Officer (DHO) Norma J. Saenz. Plaintiff seeks declaratory relief and compensatory damages in the amount of $1,500.00 against each defendant. (D.E. 2, p. 9).

A *Spears*[1] hearing was conducted on September 18, 2017. On October 31, 2017, the undersigned issued a Memorandum and Recommendation (October 31, 2017 M&R), recommending that Plaintiff's: (1) due process claims against Warden Martinez and Sergeant Mayer be retained; (2) claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (3) claims against the remaining defendants be dismissed for failure to state a claim and/or as

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

frivolous. (D.E. 15). The undersigned ordered service on Warden Martinez and Sergeant Mayer (collectively referred to hereinafter as "Defendants"). (D.E. 13).

On December 15, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants filed a Motion to Dismiss. (D.E. 23). Plaintiff subsequently filed his response to the motion to dismiss. (D.E. 24).

### III.   PLAINTIFF'S ALLEGATIONS

The following representations relevant to Plaintiff's due process claims were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1) and brief (D.E. 2): In September of 2016, Plaintiff received notice that he was being charged with the prison disciplinary offense of making an unauthorized commodity exchange with offender Anthony Mareno by accepting deposits totaling $225.00 from Mareno's girlfriend, Michele Indian. Ms. Indian deposited these amounts into Plaintiff's inmate trust account in installments over a three-month period from January, 2016 through March, 2016. Plaintiff became friendly with Ms. Indian through written correspondence.

Disciplinary Case No. 201700244 was brought against Plaintiff with respect to the monies deposited into his account by Ms. Indian. Plaintiff was charged under the "Trafficking and Trading" provision of the TDCJ-CID's rules of prison conduct. In September of 2016, DHO Saenz found Plaintiff guilty of this "trafficking and trading" offense and assessed the following punishment: (1) forty-five days of lost recreational privileges; (2) forty-five days of lost commissary privileges; (3) forty-five days of OTS; (4) reduction in line class from S4 to L1; and (5) thirty days of lost good time credits.

The TDCJ policy in place at the time of the disciplinary proceeding prohibited without exception another offender's friend or family member from depositing monies into an inmate's account. The new policy, which allegedly became effective in December of 2016, allows for deposits into inmate trust accounts by third parties, such as other inmate's family members or friends, if there is no evidence of trafficking or trading. According to Plaintiff, he was convicted under the old policy.

Following the disciplinary hearing, Sergeant Mayer placed a hold on Plaintiff's inmate trust fund account, preventing Plaintiff from having access to his inmate trust account to buy hygiene or other necessary products until the $225.00 was paid back. Plaintiff testified at the *Spears* hearing that $225.00 was forfeited from his account in February of 2017 without notice and a hearing. According to Plaintiff's best recollection, former Warden Martinez signed off on the forfeiture of these monies from Plaintiff's inmate trust account. The hold on Plaintiff's account was lifted at the time of the forfeiture of funds.

## IV.   LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

V.     **DISCUSSION**

   A.     **Due Process Claims**

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.  It is well-established that an inmate has a property interest in his inmate trust fund account and is entitled to due process concerning the disciplinary measures imposed to deprive him of the funds.  See *Rosin v. Thaler*, 417 F. App'x. 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account."  (citations omitted); *see also Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.– Texarkana 2007) ("A prison inmate has a property interest in his inmate trust account.") (citations omitted).

The due process rights of prisoners are not absolute, however, because the legitimate security needs of a corrections institution must be accommodated.  *See Bell v.*

*Wolfish*, 441 U.S. 520, 554 (1979). Furthermore, under the *Parratt/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Defendants assert in their motion to dismiss that Plaintiff's allegations concerning the unlawful and intentional forfeiture of $225.00 from Plaintiff's inmate trust fund account do not implicate the Due Process Clause. (D.E. 23, pp. 3-4). Even assuming Plaintiff was entitled to due process in connection with the hold and forfeiture of $225.00, Defendants contend that adequate post-deprivation remedies exist in state court for Plaintiff to pursue. (D.E. 23, p. 4). Defendants further contend that their failure to follow TDCJ policy does not constitute a violation of a constitutionally protected right. (D.E. 23, pp. 4-5). Plaintiff counters in his response that his allegations adequately state a procedural due process violation with respect to the $225.00 forfeiture. (D.E. 24, pp. 2-3).

This Court previously considered similar due process claims in *Lacy v. Jackson, et al.*, No. 2:11-CV-330 (S.D. Tex. filed Oct. 6, 2011) (*Lacy*). In *Lacy*, Texas inmate Antonio Lacy filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding in which he was found guilty of: (1) making an unauthorized commodity exchange with another offender; and (2) operating an

unauthorized business by providing that offender with legal work in exchange for $200.00, which the offender's mother deposited into Lacy's inmate trust fund account. (*Id.*, D.E. 1). Lacy's habeas petition included a § 1983 claim that TDCJ officials had violated his due process rights when they ordered $200.00 to be forfeited from his inmate trust account as further punishment for his disciplinary offenses. (*Id.*, D.E. 1 at p. 8).

On June 13, 2012, the Court granted summary judgment in favor of the respondent on Lacy's habeas claims and dismissed without prejudice his § 1983 claims. (*Id.*, D.E. 38). Lacy appealed this decision to the Fifth Circuit Court of Appeals. (*Id.*, D.E. 41). The Fifth Circuit affirmed the dismissal of Lacy's habeas claims but reversed and remanded Lacy's § 1983 claim. *Lacy v. Thaler*, 497 F. App'x 411, 412 (5th Cir. 2012). The Fifth Circuit explained that: (1) the district court should have entertained Lacy's due process claim that the forfeiture of $200.00 infringed his property interests; and (2) the *Parratt*/*Hudson* doctrine did not bar the "due process claim because the prison officials' actions were pursuant to routine disciplinary procedure." *Id.*

In this case, Plaintiff alleges that: (1) the forfeiture of $225.00 from Plaintiff's inmate trust fund account occurred after Plaintiff's disciplinary conviction; (2) Plaintiff was not given notice and a hearing to address the forfeiture issue or otherwise follow TDCJ policy; and (3) Defendants failed to follow TDCJ policy with respect to placing a hold on Plaintiff's inmate trust account. Plaintiff's allegations specifically indicate that Sergeant Mayer placed a hold on his inmate account for an extended period of time after the disciplinary proceeding had concluded and that former Warden Martinez authorized the forfeiture of $225.00 from Plaintiff's inmate account in February of 2017.

Plaintiff's allegations suggest that the hold placed on his account and subsequent forfeiture infringed upon his property interest in his inmate trust account. In light of the Fifth Circuit's decision in *Lacy*, the undersigned concludes that Plaintiff's allegations, which are accepted as true, state plausible due process claims against Defendants which are not barred by the *Parratt/Hudson* doctrine.[2] Accordingly, Defendants' motion to dismiss these claims should be denied.

### B. Compensatory Damages

Defendants contend that Plaintiff's claims for compensatory damages are barred by 42 U.S.C. § 1997e(e). (D.E. 23, p. 5). This section provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Fifth Circuit recognizes that § 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam).

Section 1997e(e) does not bar "an award of compensatory damages for the loss of . . . property provided [the prisoner] can establish actual injury." *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002). Plaintiff, however, seeks compensatory damages of

---

[2] In *Lacy*, this Court ultimately determined following remand from the Fifth Circuit that prison officials did not violate Plaintiff's due process rights in connection with the forfeiture of monies from Lacy's inmate account following his disciplinary conviction. *See Lacy v. Jackson*, No.2:11-CV-330, 2013 WL 6002232 (S.D. Tex. Nov. 12, 2013. However, the Court reached this decision at the summary judgment stage based on the competent summary judgment evidence placed in the record, which included the TDCJ policies governing offender property and the handling of prisoner funds and accounts. *Id.* at *4. Discovery has not taken place in this case, and the applicable policies relevant to Plaintiff's claims have not been submitted as evidence in this case.

$1,500 per defendant, which far exceeds the $225.00 actually forfeited from his account. While not specifically stated in his pleadings, it is apparent Plaintiff seeks compensatory damages for psychological or emotional distress suffered in addition to the property deprivation of $225.00. In such a situation, the appropriate measure is to bar Plaintiff's compensatory damage request arising from such mental and emotional distress and allow him to seek compensatory damages in the amount of $225.00 for the property loss. *See Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) (recognizing in *dicta* that, when a prisoner asserts a constitutional-deprivation-of-property claim and includes a request for damages caused by mental distress, "all that is necessary or appropriate in such a case is to bar the prisoner's claim for damages for mental and emotional injury").

Accordingly, the undersigned respectfully recommends that Defendants' motion to dismiss be granted to the extent that Plaintiff: (1) is limited to recovering compensatory damages in the amount of $225.00, the amount forfeited from his account; and (2) is not entitled to recover additional compensatory damages arising from mental or emotional distress.[3]

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendants' Rule 12(b)(6) Motion to Dismiss (D.E. 23) be **DENIED IN PART** on the basis that Plaintiff has stated plausible due process claims against them. It is respectfully recommended further that Defendants' motion to dismiss be **GRANTED** to the extent that Plaintiff: (1)

---

[3] Section 1997e(e) also does not bar constitutional claims seeking nominal or punitive damages. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007); *Meza v. Collier*, No. A-05-CA-1008, 2007 WL 1655898, at *7 (W.D. Tex. Jun. 5, 2007). Plaintiff, however, has not specifically requested nominal or punitive damages either in his complaint and brief (D.E. 1, 2) or during the *Spears* hearing.

is limited to recovering compensatory damages in the amount of $225.00, the amount forfeited from his account; and (2) is not entitled to recover additional compensatory damages arising from mental or emotional distress. Lastly, it is respectfully recommended that the Court adopt the undersigned's October 31, 2017 M&R.

Respectfully submitted this 14th day of February, 2018.

Jason B. Libby<br>
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).