United States District Court
Southern District of Texas
**ENTERED**
September 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SALVADOR ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-285 |
| | § | |
| MARTINEZ MIGEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO GRANT
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Salvador Zavala is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff claims that his due process rights were violated in connection with the forfeiture of $225.00 from his inmate trust fund account following a disciplinary conviction. Pending before the Court is a Motion for Summary Judgment filed by Defendants Miguel Martinez and Darren Mayer. (D.E. 41). For the reasons stated herein, it is respectfully recommended that Defendants' summary judgment motion be **GRANTED**.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently serving a life sentence entered on July 2, 2007 for a capital murder conviction out of Harris County, Texas.  The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff claims that his due process rights were violated when a hold was placed on his inmate trust account following a disciplinary conviction and he subsequently forfeited $225.00 from his inmate trust account.   Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) former Warden Martinez; (2) Assistant Warden Corey Furr; (3) Sergeant Mayer; and (4) Disciplinary Hearing Officer (DHO) Norma J. Saenz.  Plaintiff sought declaratory relief and compensatory damages in the amount of $1,500.00 against each defendant.  (D.E. 2, p. 9).

A *Spears*[1] hearing was conducted on September 18, 2017.  On October 31, 2017, the undersigned issued a Memorandum and Recommendation (October 31, 2017 M&R), recommending that Plaintiff's: (1) due process claims against Warden Martinez and Sergeant Mayer be retained; (2) claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (3) claims against the remaining defendants be dismissed for failure to state a claim and/or as

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

frivolous.  (D.E. 15).  The undersigned ordered service on Warden Martinez and Sergeant Mayer (collectively referred to hereinafter as "Defendants").  (D.E. 13).

On December 15 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss Plaintiff's claims against them.  (D.E. 23).  On February 14, 2018, the undersigned issued a Memorandum and Recommendation (February 14, 2018 M&R), recommending that Defendants' Rule 12(b)(6) motion to dismiss be denied on the basis that Plaintiff had stated plausible due process claims against them.  (D.E. 25, p. 9).  The undersigned further recommended that Defendants' motion to dismiss be granted to the extent that Plaintiff: (1) is limited to recovering compensatory damages in the amount of $225.00, the amount forfeited from his account; and (2) is not entitled to recover additional compensatory damages arising from mental or emotional distress.  (D.E. 25, pp. 9-10).

District Judge Hilda G. Tagle subsequently adopted both the October 31, 2017 M&R and the February 14, 2018 M&R.  (D.E. 34).  Defendants submitted their answer on March 16, 2018.  (D.E. 30).  Thereafter, on May 18, 2018, Defendants filed their Motion for Summary Judgment.  (D.E. 41).   Plaintiff filed his response to the summary judgment motion on June 7, 2018.  (D.E. 45).

## III.    SUMMARY JUDGMENT EVIDENCE

Defendants offer the following summary judgment evidence:

App. A:     Plaintiff's Inmate Trust Account for the Period 5/1/16 through 5/1/17 (D.E. 41-1, pp. 2-6).

App. B:     Plaintiff's Relevant Grievances (D.E. 41-1, pp. 7-39).

App. C:     Plaintiff's Disciplinary Case No. 20170017244 (D.E. 41-1, pp. 40-55).

App. D:     TDCJ Disciplinary Rules and Procedures for Offenders (D.E. 41-1, pp. 56-59).

App. E:     TDCJ Administrative Directive 14.62, "Guidelines of Handling Offender Funds, Accounts and Transactions," rev. 4 (D.E. 41-1, pp. 60-73).

App. F:     TDCJ Administrative Directive 14.62, "Guidelines of Handling Offender Funds, Accounts and Transactions," rev. 5 (D.E. 41-1, pp. 74-91).

App. G:     Inter-Office Communications Regarding Hold and Forfeiture of Funds Deposited to Plaintiff's Trust Fund Account (D.E. 41-1, pp. 92-98).

Plaintiff has not submitted any evidence in response to Defendants' summary judgment motion. Plaintiff's verified complaint and testimony at the *Spears* hearing, however, serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017). Accordingly, the competent summary judgment evidence establishes the following:

**A. Plaintiff's Verified Complaint and *Spears* Hearing Testimony**

In September of 2016, Plaintiff received notice that he was being charged with the prison disciplinary offense of making an unauthorized commodity exchange with offender Anthony Mareno by accepting deposits totaling $225.00 from Mareno's girlfriend, Michele Indian. Ms. Indian deposited these amounts into Plaintiff's inmate

trust account in installments over a three-month period from January, 2016 through March, 2016.  Plaintiff became friendly with Ms. Indian through written correspondence.

Disciplinary Case No. 20170017244 was brought against Plaintiff with respect to the monies deposited into his account by Ms. Indian.  Plaintiff was charged under the "Trafficking and Trading" provision of the TDCJ-CID's rules of prison conduct.   In September of 2016, DHO Saenz found Plaintiff guilty of this "trafficking and trading" offense and assessed the following punishment: (1) forty-five days of lost recreational privileges; (2) forty-five days of lost commissary privileges; (3) forty-five days of OTS; (4) reduction in line class from S4 to L1; and (5) thirty days of lost good time credits.

The TDCJ policy in place at the time of the disciplinary proceeding prohibited without exception another offender's friend or family member from depositing monies into an inmate's account.  The new policy, which became effective in December of 2016, allows for deposits into inmate trust accounts by third parties, such as other inmate's family members or friends, if there is no evidence of trafficking or trading.  According to Plaintiff, he was convicted under the old policy.

In connection with the disciplinary hearing held in September 2016, Sergeant Mayer placed a hold on Plaintiff's inmate trust fund account, preventing Plaintiff from having access to his inmate trust account to buy hygiene or other necessary products until the $225.00 was paid back.  These funds were forfeited from his account in February of 2017 without notice and a hearing.  According to Plaintiff's best recollection, former Warden Martinez signed off on the forfeiture of $225.00 from Plaintiff's inmate trust fund account.

### B. Defendants' Evidence

In September 2016, Sergeant Mayer formally initiated Disciplinary Case No. 20170017244 and charged Plaintiff with violating TDCJ Disciplinary Rule 15.0, "Trafficking and Trading." (D.E. 41-1, p. 42). Rule 15.0 prohibits the "unauthorized buying, selling, exchange, or transfer of any commodity from any individual, other than making authorized purchases from the commissary," which includes "the unauthorized transfer of money from one offender to another, whether the transfer is direct or indirect." (D.E. 41-1, p. 59). Plaintiff was charged with violating TDCJ's "Trafficking and Trading" rules when he made an unauthorized commodity exchange with Offender Anthony Mareno by accepting deposits totaling $225.00 into his inmate trust fund account from Ms. Indian, Offender Mareno's girlfriend. (D.E. 41-1, pp. 42-43).

On September 13, 2016, Sergeant Mayer requested that an investigative hold be placed on Plaintiff's inmate trust fund account based on "an ongoing safe prisons investigation." (D.E. 41-1, p. 95). As a result, an investigative hold in the amount of $9,999.99 was placed on Plaintiff's account that day. (D.E. 41-1, p. 95).

A hearing in Disciplinary Case No. 20170017244 was held on September 22, 2016. (D.E. 41-1, p. 42). Counsel Substitute was appointed to represent Plaintiff at the disciplinary hearing. (D.E. 41-1, p. 53). During the disciplinary hearing, evidence was presented and Plaintiff was permitted to cross-examine witnesses. (D.E. 41-1, pp. 42-55). Plaintiff specifically questioned Sergeant Mayer during cross-examination about the status of the $225.00 allegedly obtained from Michelle Indian. (D.E. 41-1, p. 48). Sergeant Mayer responded that there was a hold on Plaintiff's inmate trust fund account.

(D.E. 41-1, p. 48).   At the conclusion of the disciplinary hearing, Plaintiff was found guilty of violating Rule 15.0 based on the evidence presented, which established that Offender Moreno had instructed Ms. Indian to make multiple unauthorized deposits totaling $225.00 into Plaintiff's inmate trust fund account.  (D.E. 41-1, pp. 42-55).

Based on the finding of guilt, Plaintiff was assessed the following punishment: (1) loss of forty-five days of recreation; (2) loss of forty-five days of commissary; (3) loss of forty-five days of OTS; (4) class reduction from S4 to L1; and (5) loss of thirty days of good time credits.  (D.E. 41-1, p. 42).  On October 11, 2016, Warden Martinez submitted an authorization for $225.00 to be forfeited from Plaintiff's inmate trust fund account due to the finding of guilt in Disciplinary Case No. 20170017244.  (D.E. 41-1, p. 96).  As a result, the hold for $9,999.99 was released and replaced with a hold for $225.00.  (D.E. 41, p. 17).  After the $225.00 was collected from Plaintiff's inmate trust fund account, the hold was released on February 8, 2017.  (D.E. 41-1, pp. 6, 17).

Following the release of the hold on Plaintiff's inmate trust account, Plaintiff filed two sets of Step 1 and 2 grievances (Grievance Nos. 2017059673 and 2017090294). (D.E. 41-1, pp. 9-12, 26-29).  In both sets of grievances, Plaintiff complained about the hold and forfeiture of $225.00 from his inmate trust fund account.  Specifically, Plaintiff argued that Sergeant Mayer and Warden Martinez had violated TDCJ's policy regarding the handling of offender accounts because they illegally placed a hold on his inmate trust fund account and forfeited $225.00 from that account.  (D.E. 41-1, p. 9-12, 26-29). Plaintiff also complained that his due process rights were violated because the forfeiture was not a formal part of his disciplinary hearing and he did not receive the notice and a

hearing to which he was entitled.  (D.E. 41-1, p. 9-12, 26-29).  In response to both sets of grievances, the reviewing officers found that that all policies and procedures were followed and that no further action was warranted.  (D.E. 41-1, p. 9-12, 26-29).

## IV.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence or evaluate the credibility of witnesses.  *Id.*  Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits

and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  *Caboni*, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  *Anderson*, 477 U.S. at 250-51.

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense.  *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).  When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law.  *Id.* Plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of the official's conduct.  *Bazan v. Hidalgo County*, 46 F.3d 481, 490 (5th Cir. 2001).

## V.    DISCUSSION

Defendants move for summary judgment as to Plaintiff's due process claims on the grounds they are entitled to qualified immunity.  (D.E. 41, p. 6-14).  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).  To discharge this burden, the plaintiff must satisfy a two-prong test." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005).  First, he must claim that the defendants committed a constitutional violation under current law.  *Id.* (citation omitted).  Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.  *Id.*  While it will often be appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation occurred and then determining whether the constitutional right was clearly established, that ordering of the analytical steps is no longer mandatory. *Pearson*, 555 U.S. at 236 (receding from *Saucier v. Katz*, 533 U.S. 194 (2001)).

A.    **Step 1- Constitutional Violation**

Plaintiff claims in this action that former Warden Martinez and Sergeant Mayer violated his due process rights in that: (1) Defendants failed to follow TDCJ policies with respect to both the hold on Plaintiff's inmate trust account and the forfeiture of the $225.00; (2) the forfeiture of $225.00 was not part of his disciplinary punishment; and (3) Plaintiff was not given notice and a hearing to address the forfeiture issue.  (D.E. 1, p. 4; D.E. 2, p. 8).

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.  It is well-established that an inmate has a property interest in his inmate trust fund account and is entitled to due process concerning the disciplinary measures imposed to deprive him of the funds.  *See Rosin v. Thaler*, 417 F. App'x. 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account."); *see also Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.– Texarkana 2007) ("A prison inmate has a property interest in his inmate trust account.") (citations omitted).

The due process rights of prisoners are not absolute, however, because the legitimate security needs of a corrections institution must be accommodated.  *See Bell v. Wolfish*, 441 U.S. 520, 554 (1979).  Accordingly, the courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security.  *Pell v. Procunier*, 417 U.S. 817, 827 (1974).

Defendants contend in their summary judgment motion that TDCJ policies were followed with respect to both the hold placed on Plaintiff's inmate trust account and the ultimate forfeiture of $225.00. (D.E. 41, pp. 9-11). Defendants further contend that the forfeiture of $225.00 was a direct result of the finding of guilt in Disciplinary Case No. 20170017244 and that Plaintiff received all the due process protections to which he was entitled. (D.E. 41, p. 12). Plaintiff maintains in his response brief that Defendants failed to follow TDCJ policies and violated his due process rights by improperly placing a hold on his account for an extended amount of time and causing the forfeiture of funds well after the disciplinary case had concluded. (D.E. 45, p. 5).

The competent summary judgment presented in this case demonstrates that Defendants did not violate Plaintiff's due process rights. Administrative Directive ("AD") 14.62 sets forth the guidelines for handling offender funds, accounts, and transactions. (D.E. 41-1, pp. 60-91). AD 14.63 § IV(B)(1) of these guidelines authorize prison officials to place a hold on an inmate trust fund account "[t]o freeze, all or any portion of, an account pending investigation of alleged violation of agency policy or laws or misconduct involving or affecting the account." (D.E. 41-1, p. 69, 84). Pursuant to AD 14.63 § IV(C), such a hold remains in effect until either "[a]n authorizing official, or higher authority, directs the hold to be released," or until the "offender's obligation is satisfied." (D.E. 41-1, pp. 70, 85).

In *Lacy v. Jackson*, No. 2:11-CV-330, 2013 WL 6002232 (S.D. Tex. Nov. 12, 2013), this Court considered due process issues similar to the claims raised by Plaintiff. In *Lacy*, Antonio Lacy claimed that McConnell Unit Warden Jackson and Sergeant

Mayer violated his due process rights when they ordered $200.00 to be forfeited from that account as punishment for a disciplinary conviction. *Id.* at 3. To the extent Lacy complained that Sergeant Mayer had improperly placed a hold on Lacy's account before being charged with a disciplinary offense, the Court found that AD 14.62 permitted such an action with no advance notice to the prisoner and that the hold on Lacy's account did not violate his due process rights. *Id.* at *1, 8.

Likewise, in the present case, AD 14.62 § IV(B)(1) expressly permitted Sergeant Mayer to place a hold on Plaintiff's account on September 13, 2016, which was prior to Plaintiff being charged with any offenses or being convicted of such offenses. As this Court recognized in *Lacy*, "the policy addresses a valid security concern to avoid debts between inmates and monitor/police possible extortion, and it provides an opportunity for prison officials to investigate a matter without notice to the inmate while an investigation is conducted." *Id.* at *8.

AD 14.63 § IV(C) further allows the hold to remain in effect until an authorizing official directs the hold to be released or until the offender's obligation is satisfied. Pursuant to this policy, Warden Martinez ordered the hold on Plaintiff's account released on February 8, 2017, one day after Plaintiff had sufficient funds to satisfy the $225.00 obligation and it was collected from Plaintiff's inmate trust fund account. (D.E. 41-1, pp. 6, 17). Accordingly, the competent summary judgment demonstrates that Defendants did not violate either TDCJ policy or Plaintiff's due process rights with respect to the hold placed on his inmate trust account from September 13, 2016 until the time the forfeiture amount was collected on February 7, 2017.

Plaintiff further complains that Warden Martinez's forfeiture of $225.00 from his inmate trust fund violated TDCJ policies and his due process rights because it occurred after the disciplinary hearing was conducted without notice and a hearing.   However, AD–14.62 § II.C provides:

> In general, offenders may not receive gifts or fees from other offenders.  A deposit from one (1) offender to another may be made only by transfer from one (1) ITF [inmate trust fund] account to another and must have unit administrative approval.  Deposits from one offender to another, processed through an outside person or bank, will be considered a violation of the Agency "Trafficking and Trading Rules" whether accepted for deposit or received by the ITF Department. Suspected violators will result in an investigation and confirmed violations may result in disciplinary action against one or both offenders to include forfeiture of funds.

(D.E. 41-1, p. 65).  Pursuant to this policy, which was effective in October 2016, all inmates including Plaintiff are on notice that if they participate in prohibiting trafficking and trading, the funds may be subject to forfeiture.   "Nothing in [AD 14.63 § II.C] requires that the forfeiture be ordered on the same date as the disciplinary hearing or in conjunction with the disciplinary hearing on the underlying trafficking/trading offense." *Lacy*, 2013 WL 6002232, at *9.

The uncontroverted summary judgment evidence demonstrates that: (1) on September 22, 2016, Plaintiff was found guilty of Rule 15.0 of the TDCJ's "Trafficking and Trading" rules because he accepted deposits totaling $225.00 from Offender Moreno's girlfriend, an outside third party; and (2) on October 11, 2016, Warden Martinez ordered the forfeiture of $225.00 from Plaintiff's inmate trust fund account. (D.E. 41-1, pp. 42, 96).    Warden Martinez's actions in ordering the forfeiture of

Plaintiff's funds, which was a direct consequence of the guilty finding in Plaintiff's disciplinary case, were authorized in accordance with TDCJ policy as set forth in AD 14.63 § II.C. (D.E. 41-1, p. 96).

The fact that Warden Martinez ordered the forfeiture of the funds sometime after the disciplinary hearing fails to suggest a due process violation because: (1) Plaintiff already was on notice that $225.00 was subject to forfeiture; and (2) Plaintiff attended the September 22, 2016 disciplinary hearing and had an opportunity to be heard on the underlying Rule 15.0 charge at the hearing. *See Lacy*, 2013 WL 6002232, at *9. Plaintiff offers "no authority to equate a delay in punishment [with respect to the forfeiture of $225.00] as a lack of notice, nor is there any [TDCJ] policy stating that punishments for a disciplinary offense are limited to those set forth by the [disciplinary hearing officer] at the hearing." *Id.*

Accordingly, even when taking as true the evidence in a light most favorable to Plaintiff, the uncontroverted summary judgment evidence demonstrates that Plaintiff has failed to state a due process claim against either Sergeant Mayer or Warden Martinez.

### B.     *Step 2 – Objective reasonableness*

Because plaintiff has failed to state a constitutional violation as to Defendants, it is unnecessary to examine whether their actions were reasonable. *See Saucier*, 533 U.S. at 201 (if the facts alleged do not establish that the officer's conduct violated a constitutional right, then the qualified immunity analysis need proceed no further and qualified immunity is appropriate). Thus, it is respectfully recommended that Defendants

be granted summary judgment in their favor as to Plaintiff's due process claims and that such claims be dismissed with prejudice.

## VI.    RECOMMENDATION.

Based on the foregoing, the competent summary judgment evidence establishes that Plaintiff's due process claims are subject to dismissal.  Accordingly, it is respectfully recommended that the Court **GRANT** Defendants' Motion for Summary Judgment (D.E. 41) and **DISMISS with prejudice** Plaintiff's due process claims against them.  It is further recommended that the Court enter final judgment against Plaintiff.

Respectfully submitted this 13th day of September 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).